UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricky Vernon NICHOLS,
Defendant–Appellant.

No. 93–4094.

United States Court of Appeals,
Tenth Circuit.

April 12, 1994.

Kent L. Fillmore, Salt Lake City, UT, for defendant-appellant.

Wayne Dance (Scott M. Matheson, Jr., U.S. Atty., and Mark K. Vincent, Sp. Asst. U.S. Atty., with him on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before SEYMOUR, Chief Judge, TACHA, Circuit Judge, and VRATIL *, District Judge.

TACHA, Circuit Judge.

Defendant was convicted under 18 U.S.C. § 922(g) of unlawful possession of a firearm by a convicted felon. On appeal defendant alleges two errors by the trial court. First, he argues that the trial court erred in denying his motion to appoint a psychological expert to aid in preparing a defense. Second, he argues that the trial court erred in denying his motion to set aside the verdict for prosecutorial misconduct. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

The relevant facts in this case are not in dispute. Defendant is a convicted felon. On January 24, 1993, defendant had in his possession and proceeded to pawn a Remington model 870 shotgun belonging to his mother. Both defendant and his mother testified that defendant pawned the gun with his mother's consent because defendant needed money to hire a professional to prepare his taxes. Defendant was arrested and charged with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). A court-ordered psychological evaluation revealed that, though defendant has an IQ of only about 75, he was competent to stand trial.

At trial defendant raised the due process defense of entrapment by estoppel. Defendant testified that his probation officer told him that he could not possess a firearm or go hunting while he was on probation. Defendant said that he interpreted this statement to mean that he could lawfully possess a firearm after his probation expired (by the time the actions in question took place, defendant was no longer on probation) and that he acted on this basis. A jury found defendant guilty of unlawful possession of a firearm.

## II. Discussion

### A. Denial of Motion to Appoint Psychological Expert

■ Defendant's first claim on appeal is that the district court improperly denied his motion to appoint a psychological expert to aid in preparing his defense. We review such a denial only for an abuse of discretion. *United States v. Moss,* 544 F.2d 954, 961 (8th Cir.1976), *cert. denied,* 429 U.S. 1077, 97 S.Ct. 822, 50 L.Ed.2d 797 (1977); *see United States v. Greschner,* 802 F.2d 373, 376 (10th Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987).[1]

---

\* The Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. The government asserts that, though defendant clearly requested a court-appointed expert, because he failed to make "ex parte application" to the trial court under 18 U.S.C. § 3006A(e)(1), the trial court's failure to provide for an expert is reviewed only for plain error. This argument is disingenuous.

   The allowance under § 3006A(e)(1) for an ex parte request for an expert is for the benefit of the defendant. *Greschner,* 802 F.2d at 380. Without this allowance, the defense might be forced to reveal prematurely its theory of the case to the government. The defendant, however, can waive the ex parte hearing. *Id.* Defendant's clear request for an expert, therefore, is sufficient to preserve the issue for appeal, though he did not request an ex parte hearing on the issue.

■ In requesting a court-appointed expert, the burden is on the defendant to show that "such services are necessary to an adequate defense." *Greschner,* 802 F.2d at 376. Defendant has not carried, nor could he carry, that burden in this case.

■ It is undisputed that defendant was found competent to stand trial. Further, a violation of 18 U.S.C. § 922(g) requires only general intent. *See United States v. Shunk,* 881 F.2d 917, 921 (10th Cir.1989); *see also United States v. Tallmadge,* 829 F.2d 767, 773 (9th Cir.1987). Defendant does not contend that he lacked the capacity to understand his actions to the extent required for a general intent crime. The only conceivably legitimate need for a psychological expert in this case relates to defendant's entrapment by estoppel defense.

■ The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth amendments. *Cox v. Louisiana,* 379 U.S. 559, 568–71, 85 S.Ct. 476, 482–84, 13 L.Ed.2d 487 (1965); *Raley v. Ohio,* 360 U.S. 423, 437–39, 79 S.Ct. 1257, 1265–67, 3 L.Ed.2d 1344 (1959); *United States v. Billue,* 994 F.2d 1562, 1568–69 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 939, 127 L.Ed.2d 230 (1994); *United States v. Clark,* 986 F.2d 65, 69–70 (4th Cir.1993); *Tallmadge,* 829 F.2d at 767.[2] There must be an "active misleading" by the government agent, *Raley,* 360 U.S. at 438, 79 S.Ct. at 1266, and actual reliance by the defendant. Further, the defendant's reliance must be reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation. *See Clark,* 986 F.2d at 69; *Tallmadge,* 829 F.2d at 773–775.

We do not foreclose the possibility that a serious deficiency in a defendant's mental capacity might in some future case be relevant to formulating an entrapment by estoppel defense and that in such a case the appointment of a psychological expert might be appropriate. *See generally United States v. Sullivan,* 919 F.2d 1403, 1421–22 (10th Cir.1990) (discussing the use of psychiatric expert testimony in a garden variety entrapment case); *United States v. Newman,* 849 F.2d 156, 165 (5th Cir.1988) (same); *United States v. Hill,* 655 F.2d 512, 516 (3d Cir.1981) (same); *United States v. Benveniste,* 564 F.2d 335, 339 (9th Cir.1977) (same). We presume that this is the basis of defendant's request for an expert here. However, we do not reach these issues because, the mental capacity of the defendant notwithstanding, we find that application of the entrapment by estoppel doctrine in the case at bar is clearly inappropriate.

The defendant alleges no affirmative representation or other "active misleading" by any government agent that defendant was permitted to possess a firearm after his probation ended. Defendant testified only that his probation officer told him that, as a condition of his probation, defendant could not possess a weapon or go hunting while on probation. This is what a probation officer does—he advises probationers about the terms of probation and makes sure they are carried out. Thus, there is no factual predicate for a valid entrapment by estoppel defense. The district court, therefore, did not abuse its discretion in denying defendant's motion to appoint a psychological expert to aid in such a defense.

■ We note also that the experts who completed the pre-trial psychological evaluation of defendant could have been called by the defense to testify to defendant's mental capacity. *See* Fed.R.Crim.P. 17(b). This constitutes another ground for finding that the district court did not abuse its discretion

---

**2.** The government, citing *United States v. Browning,* 630 F.2d 694 (10th Cir.1980), *cert. denied,* 451 U.S. 988, 101 S.Ct. 2324, 68 L.Ed.2d 846 (1981), contends that this circuit does not accept the entrapment by estoppel defense. This is incorrect and, in fact, cannot be correct in light of Supreme Court precedent. *Browning* deals with the general issue of the use of estoppel against the government rather than the specific entrapment by estoppel defense. Even in that context we did not unequivocally bar the application of estoppel, but merely held that "[t]he courts invoke the doctrine of estoppel against the government with great reluctance." *Id.* at 702.

in denying defendant's motion for the appointment of a new psychological expert.

## B. Denial of Motion to Set Aside Verdict

 Defendant moved at trial to set aside the verdict based on prosecutorial misconduct. Defendant contends that the district court improperly denied this motion. Because defendant failed to contemporaneously object to the closing statements of the prosecutor which form the basis of the misconduct claim, we review the district court's refusal to set aside the verdict on this basis only for plain error. Fed.R.Crim.P. 52(b); *see United States v. Young,* 470 U.S. 1, 14–16, 105 S.Ct. 1038, 1045–46, 84 L.Ed.2d 1 (1985); *United States v. Santiago,* 977 F.2d 517, 519–20 (10th Cir.1992). "[T]he plain-error exception ... is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Young,* 470 U.S. at 15, 105 S.Ct. at 1046 (internal quotations and citation omitted).

In his closing argument, the prosecutor called the defendant a "liar" and told the jury that the defendant "has not been completely truthful with you and if you're to believe anyone you should believe the case that's been presented by the government." Defendant's complaint about this language is understandable. In light of the record it appears that it was unnecessary to advance the prosecution's case and, further, that it was unwarranted. However, allowing such language to stand is far from plain error.

The statements at issue were made in the context of a much longer closing argument which detailed the evidence and the law in the case. Further, the jurors witnessed defendant's testimony and could decide for themselves defendant's credibility. Deciding issues of credibility, after all, is one of the main functions of the jury.[3] The prosecutor's comments were not sufficiently egregious to impinge that function. We will not disturb the district court's denial of defendant's motion to set aside the verdict.

---

3. Jury instruction number three given by the judge read in part: "You, as jurors, are the sole

## III. Conclusion

We sympathize with the defendant in this case. It is evident that he has serious mental limitations. It is also evident from the record that he did not intend to break the law. Defendant possessed a firearm only for the purpose of pawning it so that he could pay a professional to aid him in filing his taxes—a task which he is not equipped to complete on his own. One wonders at the lack of a "more judicious exercise of prosecutorial discretion," *Tallmadge,* 829 F.2d at 782 (Kozinski, J., dissenting), in pursuing these charges.

We are, however, bound by the law, and, though we feel a "deep-seated judicial discomfort with this case and others like it," *id.,* under the law we find no reversible error in the district court's denial of defendant's motion to appoint a psychological expert and motion to set aside the verdict. Defendant's conviction under 18 U.S.C. § 922(g) is **AFFIRMED.**

judges of the credibility of the witnesses and the weight their testimony deserves."