64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bert LANCASTER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlton LOUIS, Defendant-Appellant.
 Nos. 95-5011, 95-5028.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 13, 1995.
Decided: Aug. 17, 1995.
 
 ARGUED: Thomas Durbin Hughes, IV, WADE, HUGHES & SMIRCINA, P.C., Alexandria, VA, for Appellant Louis; Gregory Bruce English, ENGLISH & SMITH, Alexandria, VA, for Appellant Lancaster.
 William Graham Otis, Assistant United States Attorney, Alexandria, VA, for Appellee.
 ON BRIEF: Helen F. Fahey, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before WILKINSON and LUTTIG, Circuit Judges, and G. ROSS ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants, Bert Lancaster and Carlton Louis, were convicted of prisoner possession of a shank in violation of 18 U.S.C. Sec. 13, assimilating Code of Virginia Sec. 53.1-203(4). Appellants now appeal, contending that the district court abused its discretion in denying them the funds to hire an investigator and in permitting the government to cross examine Lancaster about the possession of a shank at Lorton on May 14, 1994. Finding no merit to appellants' claims, we affirm their convictions.
 
 I.
 
 2
 Prior to trial, counsel for appellants moved for the appointment of an investigator under 18 U.S.C. Sec. 3006A(e). The district court denied the request without explanation. Section 18 U.S.C. Sec. 3006A(e)(1) provides:
 
 
 3
 Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.
 
 
 4
 (emphasis added). This statute requires defendants to establish both indigence and necessity before they can obtain a court-appointed investigator. See Lawson v. Dixon, 3 F.3d 743, 750, 753 (4th Cir.1993), cert. denied, 114 S.Ct. 1208 (1994); see also United States v. Nichols, 21 F.3d 1016, 1018 (10th Cir.) ("In requesting a court appointed expert, the burden is on the defendant to show that such services are necessary to an adequate defense." (internal quotation marks omitted)), cert. denied, 115 S.Ct. 523 (1994). We review the decision of the district court to deny an investigator for abuse of discretion. See, e.g., United States v. Gadison, 8 F.3d 186, 191 (5th Cir.1993); United States v. Goodwin, 770 F.2d 631, 635 (7th Cir.1985), cert. denied, 474 U.S. 1084 (1986).
 
 
 5
 Both sides concede that the appellants are indigent. Appellants claim that an investigator was "necessary" in order to interview inmates who may have witnessed the incident because Lorton inmates frequently "recant their testimony while on the stand." Appellants' Br. at 14. Appellants base this claim on defense counsel's general experience in Lorton cases that "inmates are unpredictable as defense witnesses." J.A. at 22. Appellants argue that without a private investigator, if a witness changes his testimony, "it would be ethically impermissible for the attorney to impeach the witness with the prior statement since the attorney is not allowed to testify in a case where he is an advocate." Id.
 
 
 6
 Such vague, non-specific claims do not satisfy the statutory requirement of necessity. Cf. Gadison, 8 F.3d at 191 ("To justify the authorization of investigative services under Sec. 3006A(e)(1), a defendant must demonstrate with specificity, the reasons why such services are required."). Even if appellants are correct that defense counsel cannot impeach a witness with counsel's own testimony, there are numerous other methods by which appellants can "lock-in" a witness' testimony. For example, counsel could take hand written notes of the interview, have the witness sign a sworn statement, record the interview, or bring a secretary or paralegal to the interview.[1] A general statement about the unreliability of Lorton prisoners as witnesses does not constitute necessity under section 3006A(e)(1).
 
 
 7
 Appellants also claim that an investigator was needed "to interview all of the inmates in the cell block where the stabbing allegedly took place to identify those inmates who can identify the actual perpetrators of this crime or otherwise exonerate the defendants." J.A. at 22. An investigator was not "necessary" to interview the potential witnesses in this case. All the potential witnesses were in a contained area, the cell block where the incident took place. Moreover, section 3006A(e)(1) is not meant to be a substitute for the normal investigation and witness interviewing conducted by defense counsel. A general claim that an investigator is needed to identify potential witnesses is not specific enough to constitute "necessity" under the statute; as appellant's counsel candidly conceded at oral argument, if we found the requisite necessity under the circumstances presented in this case, then defendants would be entitled to a court-appointed investigator in virtually every case. Cf. Gadison, 8 F.3d at 191 ("Moreover, no showing was made that defense counsel had ferreted out information through his own efforts which was likely to lead to the discovery of relevant evidence. Without such specificity, the district court could not adequately appraise [the] need for investigative services. The trial court did not abuse its discretion in denying [the] motion.").[2] Accordingly, the district court did not abuse its discretion in denying appellant's motion for a court-appointed investigator.
 
 II.
 
 8
 Appellant Lancaster also claims that the district court abused its discretion when it allowed the government to cross-examine Lancaster about whether and when he had ever possessed a shank at Lorton. The questioning by the government went as follows:
 
 
 9
 Q: Now, have you ever had a shank at Lorton?
 
 
 10
 [Defense Counsel]: Objection, Your Honor. That is a completely improper question. What is at issue here is what happened on March 1 of 1993.
 
 
 11
 The Court: Objection overruled.
 
 
 12
 A: Yes, I did.
 
 
 13
 Q: When did you have a shank at Lorton?
 
 
 14
 A: May 14, 1994.
 
 
 15
 Q: At that time did you know it was wrong to have a shank?
 
 
 16
 A: Yes, I did.
 
 
 17
 Q: Have you ever told a lie for a friend?
 
 
 18
 A: No.
 
 
 19
 J.A. at 387. Lancaster claims that these questions violated the court's earlier ruling that the prosecution could not introduce any Rule 404(b) evidence concerning a May 14, 1994, assault with a shank.
 
 
 20
 This claim is without merit. The district court ruled that the prosecution could not use the May 14 incident in its case-in-chief. See J.A. at 168. The government's questions did not contradict this ruling as they were asked on cross-examination and not as part of the government's case-in-chief. The government's questions concerning the May 14 incident did not concern any details of that incident. In fact, Lancaster himself mentioned the date of May 14, 1994. Moreover, the grounds of defense counsel's objection to the question at trial was not the earlier ruling on the 404(b) evidence; defense counsel made no objection to the question of when the defendant possessed a shank. The questions were proper because Lancaster had put his character in evidence. The district court did not abuse its discretion in allowing the prosecution to ask Lancaster about prior possessions of a shank at Lorton.
 
 CONCLUSION
 
 21
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 At argument before this court, appellants claim that Lorton has a policy of permitting only lawyers and court-appointed investigators to see a prisoner. Even assuming this to be the case, such a policy was not presented to the district court. Moreover, at argument, appellants admitted that they had never requested an exception to the policy
 
 
 [2]
 At oral argument appellants claim that they had located six potential witnesses for which they needed an investigator to interview. This fact is not part of the record and was not offered to the district court at the time it ruled on appellant's motion