**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

GUADALUPE AGUILAR-VENSOR,
also known as Guadalupe Venoe-
Aguilar, also known as Guadalupe
Vemzor-Aguilar, also known as Lupe
Aguilar, also known as Jesus M.
Morales, also known as Carlos Rivas,
also known as Sucarro Corral-Aguilar,
also known as Yulir Dominguez,

     Defendant - Appellant.

No. 99-2111
(D.C. No. CR-98-482-MV)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, MURPHY, and COOK[**], Circuit Judges.[***]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable H. Dale Cook, Senior District Judge, United States District Court of the Northern District of Oklahoma, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Defendant-Appellant Guadalupe Aguilar-Vensor appeals from his conviction for reentry of a deported alien, 8 U.S.C. § 1326(b)(2). He was sentenced to 27 months imprisonment and 3 years supervised release after entering a conditional guilty plea. Mr. Aguilar-Vensor challenges the grant of the government's motion in limine which excluded all evidence of "correspondence and dealings with the [INS] after the date of his reentry into the United States." I R. doc. 31. Without this evidence, Mr. Aguilar-Vensor argues that he was precluded from proving the defense of entrapment by estoppel. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Aguilar-Vensor was deported from the United States on February 7, 1991 following a 1988 conviction for possession of narcotics with intent to distribute. By his own admission at the time of arrest, he reentered the country the next day by falsely claiming to be a United States citizen. On January 12, 1998, Mr. Aguilar-Vensor filed an Application to Register Permanent Residence or Adjust Status (Form I-485) along with a $1,000 penalty fee required by 8 U.S.C. § 1255(i). On April 3, 1998, he received a letter from the INS advising him to pick up an Employment Authorization Card on April 22, but was prevented from doing so by his April 20 arrest.

Mr. Aguilar-Vensor argues on appeal that the INS' receipt and processing of his I-485 form and $1,000 penalty fee was a misrepresentation that he was

legally entitled to remain in the country. He claims that he reasonably relied upon this misrepresentation and, therefore, is entitled to raise the defense of entrapment by estoppel. After the grant of the government's motion in limine, Mr. Aguilar-Vensor was precluded from presenting the evidence needed to establish entrapment.

When a motion in limine precludes a defendant from presenting the defense of entrapment by estoppel, review is de novo. See United States v. Gutierrez-Gonzalez, 184 F.3d 1160, 1164 (10th Cir. 1999). "'The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation.'" Id. at 1166 (quoting United States v. Nichols, 21 F.3d 1016, 1018 (10th Cir. 1994)). An integral requirement of this defense is that the defendant's reliance must be reasonable in light of the circumstances present. Id.

Form I-485 which Mr. Aguilar-Vensor filed with the INS specifically asked the following questions:

> (1) Have you ever . . . (b) been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations?
>
> . . . .
>
> (9) Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded

within the past year, or are you now in exclusion or deportation proceedings?

I R. doc. 29 (exh. 2). Mr. Aguilar-Vensor untruthfully answered "No" to both of these questions.

Reliance upon perjured documents can never be reasonable. See Gutierrez-Gonzalez , 184 F.3d at 1168-69 (defendant's belief that he was in the United States legally was not reasonable after submission of a fraudulent application stating that he had never been deported); see also United States v. Trevino-Martinez , 86 F.3d 65, 69-70 (5th Cir. 1996) (defendant who did not reveal prior arrests and deportations could not reasonably rely upon consulate's issuance of nonimmigrant visa for asserted legal reentry into country); United States v. Agubata , 60 F.3d 1081, 1084 (4th Cir. 1995) (holding that "a calculated decision to commit a felony cannot be termed reasonable reliance.").[1]

As a matter of law, Mr. Aguilar-Vensor was unable to assert a defense of entrapment by estoppel.

Therefore, the district court's grant of the motion in limine was proper.

---

[1]Although we rest this decision on the inability to demonstrate reasonable reliance, we also note that Mr. Aguilar-Vensor would also have been unable to prove that the INS "affirmatively misled" him. See United States v. Aquino-Chacon, 109 F.3d 936, 939 (4th Cir. 1997) (no active misleading where INS forms did not "affirmatively assure [defendant] that reentry without permission was lawful").

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge