**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID THOMAS KUBOWSKI,

    Defendant-Appellant.

No. 02-6343
(D.C. No. 01- CR-219-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

David Thomas Kubowski ("Defendant") owned and operated a combined gas station, convenience store and motel in Hinton (pop. 1280), Oklahoma. In addition to the usual convenience store merchandise, for several years Defendant also displayed on a regular basis, for sale, four price-tagged rifles or shotguns. Once a firearm so displayed was sold, Defendant replaced it with another firearm kept in his residence at the rear of the store. On October 6, 13, and 24, 2000, in three separate transactions, Defendant sold

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

five handguns and one rifle to undercover agents of the Bureau of Alcohol, Tobacco and Firearms (ATF). On November 7, 2000, ATF agent Valerie Rowden served Defendant with a notice to cease and desist, informing him that he was breaking the law by selling firearms without a license and warning him of the consequences of continuing such conduct. Defendant did not obtain a dealer's license, and thereafter there were additional sales by Defendant to undercover agents of the ATF. On November 27, 2000, Defendant sold two handguns to an undercover agent; on December 21, 2000, Defendant sold two more handguns to the same agent; and on February 13, 2001, Defendant offered 20 firearms to an agent and agreed on terms of sale for 15 of them. On February 13, 2001, ATF agents executed a search warrant on Defendant's premises, and the agents seized 383 firearms found therein.

On December 20, 2001, Defendant was charged in a two-count indictment filed in the United States District Court for the Western District of Oklahoma, as follows: In Count 1 Defendant was charged with wilfully engaging in the business of dealing in firearms without a license from about the end of December, 1996, until February 13, 2001, in violation of 18 U.S.C. § 922(a)(1)(A); and in Count 2, he was charged with willfully making "false, fraudulent and fictitious material statements and representations, that is Defendant told the AFT inspector: (1) he did not sell handguns; and (2) that he had seven firearms for sale, when in truth and in fact, as Defendant well knew, he had handguns for sale and possessed a substantially larger inventory of firearms for sale," in

violation of 18 U.S.C. § 1001(a)(2). Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the indictment also contained a request for forfeiture of the 383 firearms seized in the search of Defendant's residence located in the rear of the premises. A jury convicted Defendant on both counts of the indictment. In a separate non-jury proceeding, the district court ordered a forfeiture of the firearms thus seized. Defendant was later sentenced to imprisonment for 31 months on each of the two counts, to be served concurrently, and forfeiture was ordered.

On appeal, Defendant argues that there is insufficient evidence to support either of his two convictions, and also that he was denied a "fair trial" when the district court denied his tendered instructions on "entrapment by estoppel." Finding no reversible error, we affirm.

## I. Insufficiency of Evidence

As indicated, in Count 1 Defendant was charged with willfully engaging in the business of dealing in firearms without a federal license. Admittedly, Defendant did not have a federal license. Only a federally licensed dealer may engage in the "business of selling firearms." 18 U.S.C. § 922(a)(1). Defendant contended that he was not engaged in the "business of selling firearms" either before or after the cease and desist order. Pertinent statutes defining that phrase are as follows:

18 U.S.C. § 921(a)(11) reads as follows:

> The term "dealer" means (A) any person **engaged in the business of selling firearms** at wholesale or retail,

- 3 -

> (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker. (Emphasis added.)

18 U.S.C. § 921(a)(21) reads, in part, as follows:

> The term "engaged in the business" means:
>
> . . . .
>
> (C) as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business **with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms,** but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms;
> (D) as applied to a dealer in firearms, as defined in Section 921(a)(11)(B), a person who devotes time, attention, and labor to engaging in such activity as **a regular course of trade or business with the principal objective of livelihood and profit,** but such term shall not include a person who makes occasional repairs of firearms, or who occasionally fits special barrels, stocks, or trigger mechanisms to firearms. (Emphasis added.)

On appeal, Defendant first argues that there is insufficient evidence to support his conviction on Count 1 wherein he was charged with engaging in the business of selling firearms without a license.

Our standard of review makes it difficult for this argument to prevail on appeal. In this regard, in *United States v. McPhilomy,* 270 F.3d 1302, 1307 (10th Cir. 2001), we spoke as follows:

First, we address the McPhilomys' claim that the government failed to produce sufficient evidence to support a conviction. The standard of review makes it difficult to prevail on a sufficiency of the evidence claim. Although we review the trial record de novo, we do not reverse if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations omitted) (emphasis in original).

"After viewing the evidence in a light most favorable to the prosecution," we conclude that a rational trier of the facts could have found, as the jury did, that the essential elements of the crime charged in Count 1 were established beyond a reasonable doubt. Accordingly, the record supports Defendant's conviction on Count 1.

Defendant also claims that the record does not support his conviction on Count 2. That count is based on the colloquy occurring between ATF agent Valerie Rowden and Defendant on November 7, 2000, when the agent served a notice to cease and desist on Defendant. According to the government, in that conversation Defendant advised Agent Rowden that he "did not sell handguns" and only "had seven firearms for sale when in truth and fact, as the defendant well knew, he had handguns for sale and possessed a substantially larger inventory of firearms for sale." The purpose of such statements, again according to the government, was to dissuade the ATF from thereafter continuing their investigation of Defendant.

To obtain a conviction for making false statements in violation of 18 U.S.C. § 1001(a)(2), the government must prove: (1) the defendant made a statement; (2) that was

false and the defendant knew it was false; (3) the statement was made knowingly and willfully; (4) the statement was made within the jurisdiction of the federal agency; and (5) the statement was material. *United States v. Kingston,* 971 F.2d 481, 483 (10th Cir. 1992). As we understand it, Defendant challenges elements two and five.

After viewing the evidence in a light most favorable to the prosecution, we again conclude that under *McPhilomy* a rational trier of the facts could have found that the essential elements of Count 2 were established beyond a reasonable doubt. Stated differently, we are not inclined to hold that a juror, who found that the essential elements of Count 2 were established beyond a reasonable doubt, was irrational.

## II. Entrapment by Estoppel

Defendant did not testify at his trial, as he had the right not to. However, his primary defense at trial was that a friend, a retired municipal judge in Hinton (pop. 1280), Oklahoma, who had formerly, but not presently, held a license from the government to engage in selling firearms, told Defendant that it was his understanding that as long as Defendant did not display for sale more than five firearms, he did not need a license. In line with that argument, Defendant submitted three proposed instructions on entrapment by estoppel, all of which were refused by the district court. Those instructions were as follows:

REQUESTED INSTRUCTION NO. 6

You are instructed that entrapment by estoppel serves
as a defense to a weapons charge where the government

official tells the Defendant that certain conduct is legal, Defendant relies on that representation in engaging in that conduct and is subsequently prosecuted for it.

REQUESTED INSTRUCTION NO. 19

You are instructed that the defense of entrapment by estoppel is a complete defense to the crime of selling firearms without a . . . [license], however, you are further instructed that the defense of entrapment by estoppel applies only when an official tells the Defendant that certain conduct is legal, the Defendant believes the official, and then conducts his activities in accordance with the statements.

REQUESTED INSTRUCTION NO. 20

You are instructed that entrapment by estoppel provides a narrow exception to the general rule that ignorance of the law is no defense. If you find the Defendant relied on a point of law misrepresented by an official, and such reliance is objectively reasonable given the identity of the official, the point of law represented, and the substance of the misrepresentation, then and in that event, entrapment by estoppel exists and you must find the Defendant not guilty.

These instructions were based on the testimony of one Jerry Brown, called by the defendant as his witness. As indicated, Brown was a municipal judge in Hinton from 1974 to 1982, who formerly held a dealer's license, and was a friend of Defendant (the two were described as occasional "drinking buddies"). Brown's testimony was rather equivocal as to just what he told Defendant, but counsel argues that the import of that testimony was that Defendant did not need a dealer's license if he only displayed for sale

- 7 -

five, or less, firearms.

In *United States v. Nichols,* 21 F.3d 1016, 1018 (10th Cir. 1994), concerning the defense of "entrapment by estoppel," we spoke as follows:

> The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth amendments. There must be an "active misleading" by the government agent, and actual reliance by the defendant. Further, the defendant's reliance must be reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation. (Citations omitted.)

As stated, the district court refused to give any instructions on "entrapment by estoppel," stating, in effect, that there was insufficient evidence that Defendant was actively misled by Brown nor was there actual reliance by Defendant on any of Brown's statements. The district court added, *inter alia,* that witness Brown "was not a federal official upon which Mr. Kubowski could rely."

In our view, there was virtually no evidence that Defendant was "actively misled" by Brown's "thought" on the necessity of a dealer's license. Brown was only expressing his personal "belief" and "understanding." Nor was there any direct evidence that Defendant "actually relied" on Brown's thoughts on the matter. *See United States v. Gutierrez-Gonzales,* 184 F.3d 1160 (10th Cir. 1999).

In *United States v. Gonzales-Montoya*, 161 F.3d 643, 651 (10th Cir. 1998), we

stated that "[w]e review refusal to give a particular jury instruction for abuse of discretion." Under the described circumstances we find no "abuse of discretion."[1]

Judgment affirmed.

Entered for the Court,

Robert H. McWilliams
Senior Circuit Judge

---

[1]The defendant's "entrapment by estoppel" argument is based in a large part on *United States v. Tallmadge,* 829 F.2d 767 (9th Cir. 1987). We are not persuaded. In *Tallmadge,* the defendant was charged with being a felon in possession of a firearm, and his defense was that the gun he possessed was purchased from a federally licensed firearms dealer who told him that he could purchase the firearm despite his previous felony conviction when the charge had been reduced to a misdemeanor. That is not our case.