**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ADIS G. STULTS,

     Defendant - Appellant.

No. 04-3208
(D.C. No. 03-CR-20071-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Adis Stults ("Defendant") pled guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and received a sentence of 18 months' imprisonment. Defendant then filed the instant appeal, challenging various aspects of his conviction and sentence. Taking jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we AFFIRM.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

On December 12, 2002, Defendant pled guilty in Kansas state court to possession of cocaine, a felony punishable by imprisonment exceeding one year. His sentencing was set for February 20, 2003. On January 23, 2003, state law enforcement officers executed a search warrant at defendant's home and found three firearms, which Defendant acknowledged were his. Each firearm was manufactured outside of the state of Kansas and thus had traveled in interstate commerce.

On May 29, 2003, the Federal Grand Jury for the District of Kansas issued a three-count indictment against Defendant. Count one charged Defendant with possession of a firearm by a person who is an unlawful user of and is addicted to a controlled substance, pursuant to 18 U.S.C. § 922(g)(3). Count two charged Defendant with possession of a firearm by a previously convicted felon, pursuant to 18 U.S.C. § 922(g)(1). Count three charged Defendant with possessing a firearm while under a felony charge in state court, pursuant to 18 U.S.C. § 922(n).

As part of his defense, Defendant intended to adduce evidence at trial showing that: (1) the state court judge never informed Defendant that he could not possess firearms after his guilty plea but before his sentence was imposed; and (2) a state probation officer told Defendant that he did not need to dispose of the

guns until after sentencing. The Government moved in limine to exclude this evidence as irrelevant and prejudicial, see Fed. R. Evid. 402, 403, and the district court granted the motion.

Defendant then entered into a plea agreement with the Government whereby he agreed to plead guilty to count two of the indictment (felon-in-possession) in exchange for the Government's agreement to dismiss the other two counts of the indictment and to recommend a two-point offense level reduction for acceptance of responsibility at sentencing. As a condition of this plea, however, Defendant specifically preserved his right to appeal the District Court's decision to grant the Government's motion in limine. Apart from this one condition, however, Defendant specifically waived all other grounds of appeal and post-conviction relief relating to his sentence.

At sentencing, Defendant moved for a downward departure, which the district court denied. The court ultimately sentenced Defendant to 18 months in prison, followed by two years' supervised release, which was at the low end of the applicable guidelines range. The instant appeal followed.

## DISCUSSION

## I.     Scope of issues on appeal

At the outset, we conclude that nearly all of the arguments Defendant raises in his opening and reply briefs have been waived by virtue of his plea agreement in the instant case, in which he stipulates:

> By entering into this agreement, the defendant knowingly waives any right to appeal the sentence imposed which is within the guideline range determined appropriate by the court.  The defendant does reserve the right pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure to appeal the District Court's decision of February 10, 2004, granting the "Motion in Limine" filed by United States on February 4, 2004.

A conditional plea agreement filed pursuant to Fed. R. Crim. P. 11(a)(2) "must specifically mention any argument that is to be preserved for appeal." United States v. Anderson, 374 F.3d 955, 958 (10th Cir. 2004)

In his opening brief (which was written with the benefit of counsel), Defendant raises three issues: First, Defendant argues that he was not a "felon" in possession of a firearm because the instant offense occurred before the state court issued a sentence in the underlying felony.  Second, Defendant challenges the district court's decision to grant the Government's motion in limine.  Third, Defendant appeals the district court's decision to deny his motion for a downward departure.

The text of the agreement specifically waives any and all appeals relating to the sentence, so long as that sentence was imposed within the applicable guidelines range. Thus, Defendant's argument regarding the denial of his downward departure is waived.[1] As for Defendant's challenge to his conviction that he was not a "felon" because the instant offense occurred before he was sentenced for the underlying felony, the conditional plea agreement is clear that this issue was not properly preserved for appeal. Since the instant plea agreement does not reserve the right to appeal the question of whether Defendant was a "felon" within the meaning of the statute, Defendant may not now raise that issue on appeal. Thus, the only issue contained in Defendant's opening brief that is not waived pursuant to the plea agreement is his challenge to the Government's motion in limine.

After submitting his opening brief, Defendant chose to proceed pro se and submitted his own reply brief in which he raised four additional issues.[2] First, Defendant challenged the jurisdiction of the district court by arguing that his

---

[1]In any event, even if this argument were not waived, this court does not ordinarily have jurisdiction to consider a district court's denial of a downward departure. United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998).

[2]Although we do not ordinarily consider new issues raised in a reply brief, see Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000), here we note that Defendant's "reply brief" is the first and only brief submitted after Defendant chose to proceed pro se. Thus, we construe this brief simply as a supplement to the opening brief and not as a reply to Appellee's answer brief.

actions were outside the scope of the applicable statute, which requires that the firearms be possessed "in or affecting commerce." 18 U.S.C. § 922(g)(1). Second, Defendant argued that his guns were part of a private collection and therefore exempt from federal oversight. Third, Defendant argued that his trial counsel was constitutionally ineffective. Finally, Defendant maintained that venue in federal court was improper.

The issues relating to private gun collections and venue are clearly waived under the terms of the plea agreement. Because Defendant's argument regarding commerce is jurisdictional, however, we will consider that issue. See United States v. Broce, 488 U.S. 563, 569 (1989) (guilty plea does not waive defects as to jurisdiction).

Defendant's argument with regard to ineffective assistance of counsel is slightly more complicated. We have held that a defendant's waiver of appellate rights may not be used to deny review of a claim that the agreement was entered into with ineffective assistance of counsel. United States v. Black, 201 F.3d 1296, 1301 (10th Cir. 2000). Thus, Defendant's ineffective assistance claim could not have been waived by his plea agreement, to the extent that the claim is related to the plea agreement. The question then becomes whether Defendant's ineffective assistance argument is actually related to the plea agreement. As the

following section from Defendant's pro se brief indicates, the answer to that question is not entirely clear:

> Carl Cornwall was ineffective counsel. [Appellee's] Brief concedes this is so (page 4, top). Carl neither raised the issue nor preserved it for appeal.
>
> Again, [United States Attorney] Melgren is focussed [*sic*] on the time of conviction as removing rights. Rights don't get removed but on an order of a judge at sentencing. Carl couldn't see that. Melgren doesn't see it either. Melgren restates Carl's erroneous claim the defendant wasn't convicted until sentencing. Wrong. What's right is, defendant didn't lose his rights until sentencing. *State v. Holmes* must be overturned, and all the cases that built upon that judicial principle's mistake.

The only ineffective assistance claim we can discern here is an allegation that Defendant's attorney misunderstood the law and, therefore, failed to advise his client properly during the plea negotiations. Under Black, Such a claim would not be waived by the plea agreement. 201 F.3d at 1301.

However, it is also well established that we do not ordinarily consider ineffective assistance of counsel claims on direct appeal; rather the proper venue for such claims is on collateral attack. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). The reason for this rule is that a

> factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim.

Id. Thus, although <u>Black</u> protects an ineffective counsel claim raised on direct appeal from a waiver of appellate rights in a plea agreement, the decision does not alter the independent rule stated in <u>Galloway</u> that the appropriate vehicle for such claims is collateral attack. There are, of course, some cases in which an ineffectiveness of counsel claim may need no further development prior to review on direct appeal. <u>Galloway</u>, 56 F.3d at 1240. It is in those "rare instances" that we will hear such a claim on direct review. <u>Id.</u>

If Defendant's ineffective assistance argument is indeed grounded on the nature and quality of Counsel's legal advice during the plea negotiations, we have no factual record upon which to evaluate this claim. This case is not one of the "rare instances" in which we will permit an exception to the rule in <u>Galloway</u>. <u>See</u> 56 F.3d at 1240. Accordingly, we decline to hear the ineffective assistance of counsel claim at this time.

To summarize, of the seven issues raised in Defendant's opening and reply briefs, only two are properly before this court: (1) whether the district court lacked jurisdiction because Defendant's actions were not "in or affecting commerce"; and (2) whether the district court properly granted the Government's motion in limine.

## II. "In or affecting commerce"

Defendant's jurisdictional argument merits only a brief discussion. Under 18 U.S.C. § 922(g)(1), it is unlawful for a previously convicted felon to possess a firearm only if that firearm was "in or affecting commerce." If this element were not proven, federal courts would lack jurisdiction to punish Defendant's gun possession under the Commerce Clause of the Constitution. See U.S. Const., art. I, § 8, cl. 3. However, in his plea agreement, Defendant admitted that "none of the firearms [seized by police] had been manufactured in Kansas. Accordingly, all three of the firearms had traveled in interstate commerce." (Aplt. App. at 25.) Defendant's admission in the plea agreement satisfies the jurisdictional prerequisite of 18 U.S.C. § 922(g)(1), hence the district court had subject matter jurisdiction over the instant case.

## III. Motion in limine

Ordinarily, a district court's grant of a motion in limine is reviewed for an abuse of discretion. United States v. Gutierrez-Gonzalez, 184 F.3d 1160, 1164 (10th Cir. 1999). Here, the district court's decision had the effect of excluding one of the defense's potential theories of the case: entrapment by estoppel. As in Gutierrez-Gonzalez, the district court's decision here to exclude the disputed evidence was grounded in a conclusion that entrapment by estoppel, as a matter of law, did not apply to the situation before the court. In such cases, "[w]hether

there is sufficient evidence to constitute a triable issue of entrapment by estoppel is a question of law" that we review de novo. Gutierrez-Gonzalez, 184 F.3d at 1164.

In United States v. Nichols, 21 F.3d 1016 (10th Cir.1994), we set forth the elements of entrapment by estoppel.

> The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth amendments. There must be an "active misleading" by the government agent, and actual reliance by the defendant. Further, the defendant's reliance must be reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.

Id. at 1018. Several years later, in Guiterrez-Gonzalez, we further clarified this test by holding that "the defense of entrapment by estoppel requires that the 'government agent' be a government official or agency responsible for interpreting, administering, or enforcing the law defining the offense." 184 F.3d at 1167. In support of this proposition, we cited favorably the Fourth Circuit case of United States v. Etheridge, 932 F.2d 318 (4th Cir. 1991), where the court held that advice from a state court judge to a felon that he could hunt with a gun was not a defense to felony possession charges because "the government that advises and the government that prosecutes is not the same." Id. at 321.

The instant case is similar to <u>Ethridge</u> since here the "advice" given (or lack thereof) was given by a state probation officer and a state judge, not a federal official. <u>Etheridge</u> and <u>Guiterrez</u> both indicate that this evidence could not create a triable issue of entrapment by estoppel. As a result, we conclude that the district court did not abuse its discretion by excluding the disputed evidence.

## CONCLUSION

With the exception of jurisdictional issues and the ineffective assistance of counsel claim, we conclude that the portion of Defendant's appeal which does not directly address the district court's decision to grant the Government's motion in limine is waived. The ineffective assistance claim, though not waived, is nevertheless inappropriate for review on direct appeal under <u>Galloway</u>, 56 F.3d at 1240. Finally, satisfied that the jurisdictional challenge is without merit, we **AFFIRM** the district court's denial of the motion in limine, and therefore, Defendant's conviction.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge