7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John D. SCHUERMANN, Defendant-Appellant.
 No. 93-3000.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1993.
 
 Before BALDOCK, FEINBERG,* and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant pleaded guilty to one count of conspiracy to distribute cocaine, 21 U.S.C. § 846, and one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. He now appeals his sentence, claiming that the district court incorrectly applied a statutory mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(B). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.
 
 
 2
 At Defendant's sentencing hearing, the court stated, "the [c]ourt finds by a preponderance of the evidence ... that in excess of 500 grams of cocaine were involved in the same course of conduct or part of a common scheme or plan; and therefore that the five year minimum sentence applies." The court accepted the presentence report's findings that Defendant was involved in three cocaine transactions during October and November 1991 involving a total of 774.94 grams of cocaine.[1] Concluding that Defendant was subject to a mandatory minimum sentence of sixty months imprisonment because over 500 grams of cocaine were involved, 21 U.S.C. § 841(b)(1)(B), and upon consideration of the government's motion for downward departure, U.S.S.G. § 5K1.1, the court sentenced Defendant to forty-eight months imprisonment, to be followed by five years supervised release.
 
 
 3
 Defendant contends that the court reached the 774.94 grams figure by aggregating the quantities of cocaine related to the conspiracy count with the quantity of cocaine related to the separate possession with intent to distribute count. Defendant further contends, without citing any authority, that although this type of aggregation is proper for purposes of the Sentencing Guidelines, aggregation of quantities of drugs related to separate counts is not appropriate for purposes of applying statutory minimum sentences under 21 U.S.C. § 841(b)(1)(B). We review the court's factual determinations for clear error and issues of law de novo. United States v. Goddard, 929 F.2d 546, 548 (10th Cir.1991).
 
 
 4
 We need not address Defendant's aggregation argument because we agree with the government that Defendant's premise is not supported by the record. The district court was not compelled to aggregate the quantities of cocaine relating to separate counts to which Defendant pleaded guilty, because the record indicates that Defendant is subject to the statutory minimum sentence based upon the quantities of cocaine relating to the conspiracy count alone. The conspiracy count of the indictment itself specifically includes the three transactions occurring on October 30, November 6, and November 7, 1991 as overt acts of the conspiracy. Moreover, the district court adopted the findings of the presentence report, and the report specifically found that these three transactions were included in the conspiracy count, and involved a total of over 774 grams of cocaine, thereby triggering the mandatory minimum sentence of sixty months. Because Defendant has presented no evidence that these findings are clearly erroneous, and because the court, in calculating the quantity of cocaine related to the conspiracy charge, correctly considered those quantities that were part of the same course of conduct or common scheme or plan, see United States v. McCann, 940 F.2d 1352, 1357 (10th Cir.1991), we AFFIRM.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge for the United States Court of Appeals-Second Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 According to the presentence report, Defendant took part in the following cocaine transactions: (1) on October 30, 1991 involving 23.58 grams, (2) on November 6, 1991 involving 277.66 grams, and (3) on November 7, 1991 involving 473.70 grams