**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ROBERT ROBISON,

        Defendant - Appellant.

No. 97-3341

(D. Kansas)

(D.C. No. 96-CR-10015-2)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** , **McKAY**, and **LUCERO**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

     Robert Robison appeals his sentence of 60 months' imprisonment, imposed under the Sentencing Guidelines following his plea of guilty to one count of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). The

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sole ground for Mr. Robison's appeal is that his co-defendant, Lester Ray Keene, received a lesser sentence, 36 months, for his plea of guilty to one count of conspiracy to distribute methamphetamine. Mr. Robison contends that this sentencing disparity "is not explicable from facts on the record, from the difference in criminal history, or from the recommendations of the prosecutor." Appellant's Br. at 5. Thus, he argues, the disparity violates the principle that "similar offenders engaged in similar conduct should be sentenced equivalently." United States v. Massey, 48 F.3d 1560, 1570 (10th Cir. 1995).

These defendants engaged in methamphetamine trafficking, but with differing degrees of culpability. The record establishes that Mr. Robison was the one who initiated the transportation of the methamphetamine from California to Kansas, where he established a distribution point with Keene. The following colloquy illuminates the court's focus on the point:

> THE COURT: All right. What was your intention once you gave that methamphetamine to Lester Keene?
>
> DEFENDANT: I don't understand your question.
>
> THE COURT: Did you bring that methamphetamine from California to Kansas with the intent to promote, manage, establish and carry on and facilitate the promotion, management, establishment and carrying on of distribution of methamphetamine?
>
> DEFENDANT: Yes, sir.
>
> * * * *

THE COURT:     Did you sell it to Lester Keene?

DEFENDANT:     Yes, sir.

Appellee's Supp. App. at 41-43.

Furthermore, it is undisputed that the government filed a section 5K1.1 motion with respect to Mr. Keene, based on his cooperation, but did not do so as to Mr. Robison.

We have repeatedly held that sentencing disparities are allowed where the disparity is explicable by facts on the record.  See, e.g., United States v. Blackwell, 127 F.3d 947, 952 (10th Cir. 1997); United States v. Goddard, 929 F.2d 546, 550 (10th Cir. 1991).

Our review of the record under the standards set out in Koon v. United States, 116 S. Ct. 2035, 2046-48 (1996); see United States v. Gallegos, 129 F.3d 1140, 1142-43 (10th Cir. 1997), satisfies us that the district court identified and relied upon disparities between these two defendants, and that the district court did not err in sentencing Mr. Robison.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge