**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM S. HARRIS,

    Defendant - Appellant.

No. 21-2102
(D.C. No. 1:17-CR-01836-MV-4)
(D.N.M.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

In December 2017, a superseding indictment charged William Harris ("Defendant") with 33 counts of various financial crimes arising from Defendant's involvement with Ayudando Guardians ("Ayudando"). Defendant's wife founded Ayudando, a nonprofit corporation, to provide guardianship, conservatorship, and financial management to people in need of assistance managing their financial or daily affairs. Through this nonprofit, Defendant and his co-defendants stole over $11.5

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

million from nearly 1,000 vulnerable and disabled individuals, which they used to fund lavish lifestyles. Defendant entered a plea agreement with the Government in which he pleaded guilty to one count of conspiracy in violation of 18 U.S.C. § 371, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In exchange for Defendant's guilty plea, the Government agreed to recommend a sentence of 84 months' imprisonment. In the plea agreement, Defendant admitted to knowing the full scale of the fraud and that he personally took steps to conceal it.

In March 2020, Defendant failed to appear for his sentencing hearing. The district court issued a bench warrant for his arrest. In April 2020, police found Defendant living under an assumed name in Oklahoma. Due to Defendant's flight, the Government withdrew from the plea agreement. In a collateral agreement, Defendant agreed to not withdraw his guilty plea on the two counts in exchange for the Government moving to dismiss all other counts and agreeing to not file new charges for his unlawful flight. Based on his criminal history category of I and total offense level of 40, Defendant's advisory Guidelines range was 292–365 months' imprisonment. The district court reduced the advisory Guidelines range to 180 months' imprisonment because one count carried a statutory maximum of ten years' imprisonment and the other five. U.S.S.G. § 5G1.1(a). The district court sentenced Defendant to 180 months' imprisonment. Defendant timely appeals. Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

On appeal, Defendant only challenges the substantive reasonableness of his sentence.[1] Defendant asks us to reverse his sentence and remand to the district court for "reasonable sentencing." For the reasons stated below, we conclude the district court did not abuse its discretion in sentencing Defendant.

We review a sentence for substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Smart*, 518 F.3d 800, 805–06 (10th Cir. 2008). Substantive reasonableness is based on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007) (citing *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006)). When, as here, the sentence imposed is within the correctly calculated Guidelines range, it is presumptively reasonable, and a defendant must "rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1054–55. Defendant claims that the district court imposed an unreasonable sentence in light of several § 3553(a) factors.

Defendant first argues the district court improperly weighed his minimal involvement with the fraud in comparison to his co-defendants under § 3553(a)(1). But

---

[1] At times, Defendant attempts to make arguments that the district court "failed to consider" some § 3553(a) factors. These arguments could be considered claims of procedural error. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1268 (10th Cir. 2014). But Defendant explicitly states his only intention is to challenge the substantive reasonableness of his sentence. Accordingly, we construe these arguments as substantive challenges concerned with the weight the district court gave these factors. *See id.* at 1268 n.15.

the district court considered Defendant's minimal involvement and reasoned that Defendant's acts of actively concealing the fraud as well as absconding weighed in favor of a longer sentence.  Next, Defendant claims the district court improperly weighed his age and motivations under § 3553(a)(1).  Specifically, Defendant argues that these characteristics demonstrate a low risk of recidivism and should weigh in favor of a lesser sentence.  The district court considered these factors but did not find them sufficiently persuasive to warrant a lower sentence.  Simply put, Defendant disagrees with the weight the district court gave these factors, but "bare disagreement is not enough to establish the district court abused its discretion." *United States v. Henson*, 9 F.4th 1258, 1297 (10th Cir. 2021) (citing *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)).

Defendant further alleges the district court failed to consider potentially mitigating factors under § 3553(a)(2).  Defendant first claims the district court did not consider empirical research raised by his counsel showing no difference between the deterrent effect of probation and imprisonment for white-collar offenders.  Defendant also contends that the district court did not consider his need for a lower sentence to allow him access to a prison with better mental health treatment opportunities.  The district court did not explicitly address each of these arguments when sentencing Defendant, but it need not as "a district court's duty [is] to explain why it chose the given sentence . . . [not] to explain why it decided against a different sentence." *United States v. Wireman*, 849 F3d 956, 963 (10th Cir. 2017).  The district court adequately explained the incredible injuriousness of the crimes committed, along with Defendant's

4

absconding, simply outweighed any mitigating factor here. Accordingly, the district court did not abuse its discretion. *See United States v. Moorad*, 749 F. App'x. 727, 729–30 (10th Cir. 2018) (unpublished) (concluding that a district court did not abuse its discretion when placing less weight on potentially mitigating factors raised by defendant). Further, Defendant seems to argue any sentence greater than 102 months is substantively unreasonable. He bases this claim on the Government's previous statement, in the withdrawn plea agreement, that 82 months' imprisonment is sufficient punishment for his crimes, and that his absconding should only increase his sentence by, at most, 18 months—the Guidelines recommendation for that offense. U.S.S.G. § 2J1.6. But Defendant cites no authority for judging the substantive reasonableness of a sentence based on the Government's withdrawn plea agreement rather than the § 3553(a) factors.

Defendant also claims the district court's sentence creates an unwarranted sentencing disparity under § 3553(a)(6). To support this argument, Defendant points us to two cases where defendants charged with similar crimes received lower sentences. But a few stray cases where defendants received lower sentences for similar conduct does not suggest an unwarranted sentencing disparity. *See United States v. Franklin*, 785 F.3d 1365, 1372 (10th Cir. 2015) ("No two cases are identical, and comparison of an individual sentence with a few counsel-selected cases involving other defendants sentenced by other judges is almost always useless." (cleaned up) (quoting *United States v. Scherrer*, 444 F.3d 91, 95 (1st Cir. 2006)). Additionally, Defendant claims he should have received the same sentence as his stepson—a similarly situated co-defendant.

5

However, the district court weighed Defendant's higher culpability and absconding as warranting a harsher punishment than the stepson. "We have previously held that '[w]hile similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record.'" *United States v. Garza*, 1 F.3d 1098, 1101 (10th Cir. 1993) (alterations in original) (quoting *United States v. Goddard*, 929 F.2d 546, 550 (10th Cir. 1991)).

Lastly, Defendant claims the court did not give proper weight to his need to pay restitution under § 3553(a)(7). We agree with the district court that it is unlikely, given Defendant's work history and age, that he will make any meaningful payments to the $11 million in restitution. Thus, we also agree with the district court that this factor does not weigh strongly in favor of imposing a lower sentence in this case. Accordingly, we find no abuse of discretion. *Henson*, 9 F.4th at 1297.

The district court appropriately considered all of Defendant's nonfrivolous arguments for imposing a different sentence and found the arguments to be insufficient to warrant a lower sentence. *Rita v. United States*, 551 U.S. 338, 356–59 (2007). Defendant has failed to rebut the presumption that his within-Guidelines sentence was substantively reasonable.

AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

6